UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE<br>LINERBOARD ANTITRUST LITIGATION | )<br>)<br>)<br>)<br>) | MDL NO. 1261<br>Judge Jan E. DuBois |
| This Document Relates To<br>Civil Action Numbers 98-5055 and 99-1341 | )<br>)<br>)<br>)<br>) |  |

### MOTION OF CLASS COUNSEL FOR AUTHORIZATION OF INITIAL DISBURSEMENT OF FUNDS TO THE CLASS, FOR AUTHORIZATION TO PAY CERTAIN LATE CLAIMS, AND FOR INTERIM PAYMENT OF THE CLAIMS ADMINISTRATOR

Class counsel respectfully moves the Court for an Order approving the initial disbursement of the settlement funds to the class. This motion is based upon the attached report of Heffler, Radetich & Saitta L.L.P., the accounting firm appointed by the Court as the claims administrator in this action (hereinafter "the claims administrator"). In support of said motion Class Counsel avers as follows:

**Initial Disbursement to the Class and Establishment of A Contingency Reserve**

1. Class Counsel has been advised by the claims administrator that its review and audit of claims has sufficiently advanced to warrant an initial distribution of the settlement funds to the class. The claims administrator recommends that ninety (90%) percent of the settlement fund be disbursed at this time and that ten (10%) percent of the fund be held back as a contingency fund to meet the remaining obligations such as payment of unresolved claims, taxes and payment of administration costs. This motion is

based upon the claims administrator's report to lead counsel attached hereto as Exhibit "A."

2. 3,540 claims representing $8,161,263,503.00 in purchases have been recommended by the claims administrator for payment. A list of such claims and their approved purchases, titled "Payable Claims," is attached as Exhibit 1 to the claims administrator's report.

3. 140 claims representing $211,607,766 in claimed purchases have been recommended by the claims administrator as non-payable claims because these claims did not meet class criteria. A list of such claims and the reasons for their disallowance, titled "Non-Payable Claims," is attached as Exhibit 2 to the claims administrator's report.

4. 70 claims representing a maximum of $439,219,984.00 in purchases remain in the audit process. The claims administrator is still attempting to resolve the issues relating to such claims but recommends that initial disbursement be made at this time to all approved claims. A list of such claims and their claimed purchases, titled "Claims In (or Potentially In) Dispute," is attached as Exhibit 3 to the claims administrator's report.

5. The claims administrator is certain that the contingency fund held back will be sufficient to meet all claims that remain unresolved as well as all other anticipated obligations of the fund.

6. The claims administrator believes that the majority of the remaining unresolved claims will be resolved administratively without the necessity of court intervention.

7.      The claims administrator and class counsel recommend that the initial disbursement be calculated as follows. Ninety (90%) percent of the net settlement fund on the date of this Court's approval of the present motion be established as the initial disbursement fund and that fund shall be allocated *pro rata* to those class members listed on Exhibit 1 to the claims administrator's report based on the approved claimed purchases appearing on that exhibit.

**Late Filed Claims Received On or Before January 28, 2005.**

8.      The claims administrator recommends approval of 161 late claims filed after the claims period. These claimants have been included as Payable Claims in Exhibit 1.  Class counsel concurs in this recommendation. A list of all late claimants is attached as Exhibit 8 to the claims administrator's report.[1] The claims administrator avers that the processing of late claims has not disrupted the claims approval process. The Third Circuit and the *Manual for Complex Litigation* both strongly favor approval of late claims under such circumstances. See, e.g. *In re Cendant Corp. Prides Litigation,* 311 F.3d 298, 305 (3d Cir.2002):

> Even assuming that Chase received the letters of July and August 1999, we point out that the delay between the due date of August 8, 1999 and January 4, 2000 when Valley Forge was given the requested data is not beyond the pale. In *In re O'Brien Envtl. Energy, Inc.,* 188 F.3d 116, 130 (3d Cir.1999), we observed that *Pioneer* [*Inv. Services Co. v. Brunswick Associates Ltd. Partnership 507 U.S. 380, 113 S.Ct. 1489 (1993)*] teaches that delay should be considered in absolute terms, and that two months was not prohibitive. *See also Chemetron Corp. v. Jones,* 72 F.3d 341 (3d Cir.1995) (claim two years late could be excusable). *In re Orthopedic Bone Screw Products Liab. Litig.,* 246 F.3d 315 (3d Cir.2001) (seven month delay held excusable).

---

[1] The claims administrator's report recommends rejection of 16 late filed claims for reasons other than late filing.  Twenty late filed claims remain in the audit/dispute resolution process.

See also, *Manual for Complex Litigation* § 21.662 ("Adequate time should be allowed for late claims before any refund or other disposition of settlement funds occurs.").

### Resolution of Claims Still in Audit or Dispute

9. Within forty-five days class counsel and the claims administrator will report to the Court on the status of all remaining claims and recommend procedures for resolution of any remaining disputed claims either directly by the Court or by a special master.

### Accounting of Class Fund

10. Attached as Exhibit 7 to the claims administrator's report is an accounting of the settlement fund to date.

### Second Interim Payment of The Claims Administrator

11. Class Counsel has reviewed the invoice of the claims administrator attached as Exhibit 9 to the claims administrator's report, and recommends approval of payment of such invoices.

Wherefore class counsel respectfully urges that the appended order be entered:

(a) Authorizing initial disbursement of the settlement fund to class members;

(b) Approving payment of the late claims received through January 28, 2005;

(c) Approving the accounting of the class funds to date; and

(d) Authorizing payment of the claims administrator's invoices to date.

Respectfully submitted,

_____
Howard Langer  (HL734)
Langer & Grogan, P.C.
1600 Market Street
Suite 2020

|  |  |
|---|---|
|  | Philadelphia, PA  19103 |
|  | 215-419-6536 |
| Dated:  February 3, 2005 | Fax: 215-419-6546 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE <br> LINERBOARD ANTITRUST LITIGATION <br><br> This Document Relates To <br> Civil Action Numbers 98-5055 and 99-1341 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL NO. 1261 <br> Judge Jan E. DuBois |

CERTIFICATE OF SERVICE

     I, Howard Langer, Esquire, hereby certify that on February 3, 2005 copies of the attached Motion Of Class Counsel For Authorization Of Initial Disbursement Of Funds To The Class, For Authorization To Pay Certain Late Claims, And For Interim Payment Of The Claims Administrator was served upon counsel listed below via hand-delivery.

          Sherry A. Swirsky, Esquire
          Schnader Harrison Segal & Lewis, LLP
          1600 Market Street
          Suite 3600
          Philadelphia, PA  19103-7286

          _____
          Howard Langer (HL734)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____          )
                                              )
IN RE                                         )
LINERBOARD ANTITRUST LITIGATION       )   MDL NO. 1261
                                              )   Judge Jan E. DuBois
_____          )
                                              )
This Document Relates To                      )
Civil Action Numbers 98-5055 and 99-1341      )
_____          )

**ORDER**

AND NOW, this            day of February, 2005 upon consideration of the Motion Of Class Counsel For Authorization Of Initial Disbursement Of Funds To The Class, For Authorization To Pay Certain Late Claims, And For Interim Payment Of The Claims Administrator, and upon consideration of the Report of the Claims Administrator dated February 2, 2005, attached as Exhibit "A" to said motion (hereinafter "the claims administrator's report"), and following a hearing on February 10, 2005 at which Michael T. Bancroft C.P.A., the accountant overseeing the claims administration appeared, it is hereby ordered and decreed as follows:

1. This Court has reviewed the audit process and accompanying notice process employed by the claims administrator and therefore approves the claims administrator's recommendation for initial disbursement of the settlement fund. The claims administrator is directed to make the initial disbursement to approved claimants within thirty days of entry of this order.

2. The disbursement shall be calculated as follows:

    a. The claims administrator shall calculate an amount representing ninety (90%) percent of the net settlement as of the date of entry of this order (the net settlement fund being the settlement fund net of any payment of the claims administrator's fees authorized by this order). This amount shall be known as the initial distribution fund.

    b. The initial distribution fund shall be distributed *pro-rata* to the approved claimants listed on Exhibit 1 hereto based on the proportion each approved claim bears to the total of all approved claims appearing on Exhibit 1.

  3. Late claims received before January 28, 2005 shall be processed and paid as though received before the cut-off date.

  4. Liaison Counsel for the class plaintiffs is directed to file a report to the Court, forty-five days following entry of this Order, regarding the unresolved claims reported in the claims administrator's report. The report shall both report on the resolution of such claims, the status of any unresolved claims and shall provide Liaison Counsel's recommendation regarding procedures for resolving any claims unresolved as of that time.

  5. The accounting attached as Exhibit 7 to the claims administrator's report is approved.

  6. The request of the claims administrator for interim payment of its fees is approved in the amount of $_____.

                _____
                Hon. Jan E. DuBois