IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE LINERBOARD ANTITRUST LITIGATION | ) ) ) ) MDL No. 1261 |
| THIS DOCUMENT RELATES TO: Civil Action Numbers 98-5055 and 99-1341 | ) ) ) ) ) ) |

# O R D E R

**AND NOW**, this 16th day of July, 2012, upon consideration of Howard Langer's Motion for an Order Holding John Peoples, Esquire, in Contempt, Imposing Disciplinary Sanctions Upon Him, and Referring his Behavior to Chief Judge Bartle for an Order to Show Cause Why He Should Not Suspended From Practice and Request for Expedited Hearing (Doc. No. 838, filed July 5, 2006), and the related submissions; Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt for Initiating a Lawsuit in Delaware County Court in Violation of this Court's All Writs Injunction (Doc. No. 1019, filed March 20, 2008), and the related submissions; Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt (Doc. No. 1066, filed October 28, 2010), and the related submissions; Howard Langer's Motion to Proceed Without Evidentiary Hearing (Doc. No. 1096, filed October 25, 2011), and the related submissions; Howard Langer's Motion for Preliminary Injunction (Doc. No. 1110, filed February 2, 2012), and the related submissions; Peoples's Motion for Relief Pursuant to the Provisions of Federal Rule of Civil Procedure Rule 11, Title 28 U.S.C. § 1927 and the Court's Inherent Power (Doc. No. 1116, filed February 6, 2012), Howard Langer's Cross-Motion of Howard Langer and Langer Grogan & Diver for Sanctions under 28 USC § 1927 and the Inherent Powers of the Court (Doc. No. 1123, filed

February 17, 2012), and the related submissions; the United States Court of Appeals for the Third Circuit in an opinion filed January 14, 2010, having affirmed this Court's Order dated October 3, 2008, and affirmed in part and vacated in part this Court's Order dated July 15, 2008, following an Evidentiary Hearing and oral argument on February 3, February 28, and February 29, 2012, for the reasons set forth in the Memorandum dated July 16, 2012, **IT IS ORDERED** as follows:

1. There being no objection on behalf of John Peoples, Langer Exhibit 47 (IRS Documents Bates numbered IRS270–340) and Langer Exhibit 48 (E-mail, Facsimile, and Letter from Stephen Palmer, Esquire) are **ADMITTED** into evidence. The Deputy Clerk shall **FILE** the exhibits introduced during the hearing and oral argument on February 3, 28, and 29, 2012—specifically, Langer Exhibits 1 through 48, and Peoples Exhibits 1 and 2. Langer Exhibits 6, 22, 30, 31, 33, 37, 46, and 47 shall be **FILED UNDER SEAL** and shall remain **UNDER SEAL** until further Order of the Court.

2. The Court **RETAINS** jurisdiction over this case, including jurisdiction over the Settlement Fund and its distribution, as well as all issues relating to the fees and costs of counsel in this action.

3. The portion of the Court's Order dated July 15, 2008, denying Howard Langer's Motion for an Order Holding John Peoples, Esquire, in Contempt, Imposing Disciplinary Sanctions Upon Him, and Referring his Behavior to Chief Judge Bartle for an Order to Show Cause Why He Should Not Suspended From Practice and Request for Expedited Hearing; Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt for Initiating a Lawsuit in Delaware County Court in Violation of this Court's

All Writs Injunction; and Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt is **VACATED**.

    4.  Howard Langer's Motion for an Order Holding John Peoples, Esquire, in Contempt, Imposing Disciplinary Sanctions Upon Him, and Referring his Behavior to Chief Judge Bartle for an Order to Show Cause Why He Should Not Suspended From Practice and Request for Expedited Hearing; Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt for Initiating a Lawsuit in Delaware County Court in Violation of this Court's All Writs Injunction; and Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  By agreement of the parties, John Peoples, Esquire; Frank Marcone; Sharon Pompilii, Steven Cristal, Esquire; Richard Rosenbaum, Esquire; and any other persons having notice of this Order are hereby **PERMANENTLY ENJOINED** and **PROHIBITED** from disclosing, publishing, copying, or disseminating in any fashion any information that reveals the amounts of any distribution received by any law firm as a distribution in In re Linerboard Antitrust Litigation or any other information obtained from the files of Republic First Bank relating to In re Linerboard Antitrust Litigation or any other confidential information contained in said files.

    b.  The Court having concluded that the repeated contempts of John Peoples, Esquire, including direct violation of this Court's Orders, warrant imposition of a coercive civil sanction to prevent future contempts and to assure compliance with this Court's Orders, John

Peoples, Esquire, shall be fined $25,000 for each further violation of this Order, the Court's All Writs Act Injunction, and all other orders issued in this case.[1]

  c. By agreement of the parties, on or before August 6, 2012, John Peoples, Esquire; Stephen Cristal, Esquire; and Sharon Pompilii; through Richard Rosenbaum, Esquire, shall **PRODUCE** to Robert LaRocca, Esquire, (i) the originals and all copies of all paper and electronic files obtained from, containing, or derived from Republic First Bank records, and (ii) all of the digital material they scanned, copied, or produced from such information.

  d. By agreement of the parties, on or before August 6, 2012, Richard Rosenbaum, Esquire, and Walter Timby, Esquire, on behalf of themselves and their respective law firms, shall **CERTIFY** to the Court that persons with appropriate expertise have searched their firms' paper and electronic files and that any and all information obtained from the files produced by Republic First Bank in this matter has been permanently deleted.

  e. The Court **APPOINTS** the firm of IT Acceleration at the expense of John Peoples, Esquire, to ensure that all information obtained from the files produced by Republic First Bank in this matter has been deleted pursuant to the following procedure:

    i. On or before August 6, 2012, Richard Rosenbaum, Esquire, shall identify every computer or other digital media, and its present location, that contains or once contained any digital information obtained from the files produced by Republic First Bank, including all computers of John Peoples, Esquire; his former counsel Frank Marcone; Sharon Pompilii; Steven Cristal, Esquire; or any other person—save Richard Rosenbaum, Esquire;

---

[1] Although it vacated the All Writs Act Injunction by Order dated July 15, 2008, the Court reinstated the injunction by Order dated October 3, 2008.

Walter Timby, Esquire; and their respective law firms—known to have had access to such material.

ii. The parties shall confer in an effort to agree upon the procedure by which IT Acceleration shall review the computer systems of John Peoples, Esquire; Sharon Pompilii; Stephen Cristal, Esquire; Frank Marcone; and any other computer identified in response to paragraph (1) above to assure that no information obtained from the files of Republic First Bank remains on those systems. The parties shall jointly report to the Court on or before August 6, 2012, as to whether they have reached an agreement on a procedure that protects both the confidentiality of the RFB bank records and the fidelity of the individuals' computer systems and personal files. If the parties are unable to agree, the Court will establish an appropriate procedure.

f. On or before August 6, 2012, John Peoples, Esquire; Stephen Cristal, Esquire; and Sharon Pompilii; through Richard Rosenbaum, Esquire, counsel for John Peoples, Esquire, shall **CERTIFY** to the Court and Robert LaRocca, Esquire, the details of any actions taken by John Peoples, Esquire, or his agents, servants, or employees against Howard Langer, Esquire, other than those set forth in the attached Memorandum. In the event there were no such acts, Richard Rosenbaum, Esquire, shall so state in the certification.

g. By agreement of the parties, the Temporary Restraining Order dated March 22, 2005 (Document No. 1112, docketed February 3, 2012), and Consent Stipulation Order dated September 8, 2005 (Document No. 1113, docketed February 3, 2012) are **REINSTATED**.[2] John

---

[2] At Peoples's request, these two orders were not filed when issued "to protect Peoples" because his counsel "was concerned that . . . [the orders] could have been used in disciplinary proceedings and could harm Peoples's legal practice." In re Linerboard Antitrust Litig., 2008 WL 2758442, at *5. By Order dated July 15, 2008, the Court vacated both orders but ordered

Peoples, Esquire, is hereby **PERMANENTLY ENJOINED** and **PROHIBITED** from having any contact or other communication with, or leaving any messages for, Liaison counsel, Howard Langer, Esquire, and from undertaking any other action of any kind, directly or indirectly, having the intended or the necessary effect of harming Howard Langer, Esquire, or his family in any fashion.

      h. The Court **AWARDS** Howard Langer, Esquire, the sum of $249,696.78 in fees and costs.[3] **JUDGMENT IS ENTERED IN FAVOR** of Howard Langer, Esquire, and **AGAINST** John Peoples, Esquire, in the amount of $249,696.78.

      i. The Court will **PROVIDE** the Committee on Attorney Admissions of the United States District Court for the Eastern District of Pennsylvania with copies of the relevant documents submitted by Frank Marcone and Howard Langer, Esquire, and copies of the attached Memorandum and this Order for consideration in connection with any future application of Frank Marcone for readmission to the bar of this Court.

---

that they be filed. The Temporary Restraining Order dated March 22, 2005, and Consent Stipulation Order dated September 8, 2005, were not entered on the docket until February 3, 2012.

[3] This amount includes $173,758 in attorneys' fees incurred by Robert LaRocca, Esq.; $11,343.78 incurred by Mr. LaRocca's firm in fees and costs; $5,575.00 paid by Howard Langer, Esquire, to Heffler, Radetich & Saitta LLP for accounting services in responding to the IRS audit instigated by John Peoples, Esq.; $37,770 in attorneys' fees incurred by Howard Langer, Esquire, and his law firm in responding to John Peoples's January 26, 2012, Notice of Service of Motion for Relief; and $21,250 in attorneys' fees incurred by Robert LaRocca, Esquire, and his law firm, in responding to John Peoples's January 26, 2012, Notice of Service of Motion for Relief. (See Cross-Motion of Howard Langer and Langer Grogan & Diver for Sanctions under 28 USC § 1927 and the Inherent Powers of the Court.) As set forth in the attached Memorandum, the Court concludes that those amounts should be assessed against John Peoples, Esquire, as part of the remedy for his repeated violations of this Court's orders

j.  The Court will **PROVIDE** the Office of the United States Attorney for the Eastern District of Pennsylvania with a copy of the attached Memorandum and this Order for any action deemed appropriate in connection with John Peoples, Esquire's abuse of the subpoena power in Delaware County Court of Common Pleas Civil Action No. 08-1322, <u>Peoples v. Langer</u>, and the improper obtaining of confidential financial records from Republic First Bank.

k.  Howard Langer's Motion for an Order Holding John Peoples, Esquire, in Contempt, Imposing Disciplinary Sanctions Upon Him, and Referring his Behavior to Chief Judge Bartle for an Order to Show Cause Why He Should Not Suspended From Practice and Request for Expedited Hearing; Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt for Initiating a Lawsuit in Delaware County Court in Violation of this Court's All Writs Injunction; and Howard Langer's Motion for an Order to Show Cause Why John Peoples Should Not Be Held in Further Contempt are **DENIED IN ALL OTHER RESPECTS**.

5. The Court having received evidence from both parties as to all pending matters at a hearing on February 3, 28, and 29, 2012, Howard Langer's Motion to Proceed Without Evidentiary Hearing is **DENIED AS MOOT**.

6. The parties having stipulated to entry of a Permanent Injunction regarding information that reveals the amounts of any distributions received as part of <u>In re Linerboard Antitrust Litigation</u>, as set forth below, Howard Langer's Motion for Preliminary Injunction is **DENIED AS MOOT**.

7. Peoples's Motion for Relief Pursuant to the Provisions of Federal Rule of Civil Procedure Rule 11, Title 28 U.S.C. § 1927 and the Court's Inherent Power is **DENIED**;

8. Howard Langer's Cross-Motion of Howard Langer and Langer Grogan & Diver for Sanctions under 28 USC § 1927 and the Inherent Powers of the Court is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before July 23, 2012, Richard Rosenbaum, Esquire, shall **SERVE** copies of this Order and the attached Memorandum on John Peoples, Esquire; Sharon Pompilii; Stephen Cristal, Esquire; Walter Timby, Esquire; and Frank Marcone. Certificates of service shall be filed by the said Richard Rosenbaum, Esquire, promptly upon completion of such service.

**BY THE COURT:**

_____/s/ Hon. Jan E. DuBois_____
**JAN E. DUBOIS, J.**